IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ANGEL R.A., <br><br> Petitioner, <br><br> vs. <br><br> TAE D. JOHNSON, *et al.*, <br><br> Respondents. | Civil No. 1:26-cv-03408-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS IN PART <br><br> A# 240-390-424 |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART**

Petitioner Jose Angel R.A.[1] entered the United States without inspection over twenty years ago and has since become a long-time resident of Texas.  Dkt. No. 9, at pg. 2.  He has a sixteen year-old United States citizen son and no criminal history beyond a single traffic citation.  *Id.*

In February 2026, he was hit by a car, referred to immigration authorities by responding police officers as potentially lacking lawful immigration status, and subsequently arrested by ICE.  Dkt. No. 9-1, at pg. 2.  Although Petitioner has not been found to be a danger to the community or a flight risk at a bond hearing—although he

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

has, in fact, not been afforded a bond hearing at all—he has been held in immigration detention since his arrest.

Petitioner now invokes this court's habeas jurisdiction.  In a petition for writ of habeas corpus under 28 U.S.C. § 2241, Dkt. No. 1, and an amended petition filed by counsel, Dkt. No. 9, he contends that he is a member of the "Bond Eligible Class" certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), and that his detention violates the Immigration and Nationality Act (INA).  In *Maldonado Bautista*, a court certified a class of "[a]ll noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination."  813 F. Supp. 3d at 1127.  And a declaratory judgment was subsequently entered by that court declaring that all Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)" and accordingly "are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."  *Maldonado Bautista v. Noem*, No. 5:25-cv-01873, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025).  Petitioner contends that he is entitled to immediate release or a prompt bond hearing, both because of his

membership in the *Maldonado Bautista* class and because his detention without a bond

hearing violates the INA.  Dkt. No. 9, at pgs. 7-8.

The court issued an Order to Show Cause, calling on Respondents to address two

issues:  (1) whether Respondents disputed Petitioner's purported membership in the

Bond Eligible Class certified in *Maldonado Bautista*, and (2) whether, regardless of

Petitioner's membership in the Bond Eligible Class, "any factual or legal issues in this

case that render it distinguishable from prior orders" in similar cases where the petition

was instead resolved on "statutory grounds under the INA."  Dkt. No. 10.  *See, e.g.*,

*Henry A.V.L. v. Warden of the Cent. Valley Annex Detention Facility*, No. 1:26-cv-3354, 2026

WL 1391273 (E.D. Cal. May 18, 2026); *Galvan v. Noem*, No. 1:25-cv-1766, 2026 WL 183724

(E.D. Cal. Jan. 23, 2026), *report and recommendation adopted*, Dkt. No. 14; *Avalos v.*

*Chestnut*, No. 1:26-cv-1199, 2026 WL 654448 (E.D. Cal. Mar. 9, 2026), *report and*

*recommendation adopted*, 2026 WL 825717 (E.D. Cal. Mar. 25, 2026).

The court thanks Respondents for their timely and candid response.  Dkt. No. 11.

In it, they maintain their position that Petitioner's detention is lawful but acknowledge

that Petitioner is a member of the Bond Eligible Class, and agree that like the petitioner

in *Henry A.V.L.*, Petitioner is detained outside of the Central District of California.  As

this court has previously explained, the Ninth Circuit has stayed the certification and

final judgment in *Maldonado Bautista* outside the Central District of California, *see*

3

*Bautista v. U.S. Dep't of Homeland Security*, No. 26-1044 (9th Cir. Mar. 31, 2026), so

Petitioner's class membership alone does not entitle him to relief.

But Respondents further acknowledge that there are no "material factual

differences between this case and those identified by the Court," and so "under the

framework adopted in the Court's prior decisions, Petitioner is entitled to the bond

hearing the Court has previously ordered the government to provide noncitizens." Dkt.

No. 11, at pg. 1. The court thanks Respondents for their candor and, finding the

reasoning of the cases identified in the Order to Show Cause and this order persuasive,

will order Respondents to provide such a bond hearing to Petitioner.

Given the lack of any factual or legal issues in this case that would distinguish it

from the prior orders that this court has found persuasive, IT IS HEREBY ORDERED

that the petition for writ of habeas corpus is GRANTED in part as to Count Three of the

Amended Petition, Dkt. No. 9, to the extent Petitioner contends that he is entitled by

statute to a bond hearing. Respondents are ENJOINED AND RESTRAINED from

continuing to detain Petitioner unless they demonstrate, within seven days of the date

of this order, that Petitioner has received a bond hearing before a neutral decisionmaker

in accordance with 8 U.S.C. § 1226(a) and its implementing regulations. Respondents

shall file a status report within ten days of the date of this order, confirming whether a

bond hearing has been held and, if so, the outcome of that hearing.

The Clerk of Court is directed to close this case and enter judgment for

Petitioner.

IT IS SO ORDERED.

DATED:  June 3, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-03408-MWJS; *Jose Angel R.A. v. Tae D. Johnson*, et al.; ORDER
GRANTING PETITION FOR WRIT OF HABEAS CORPUS IN PART